UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edison D.M.J., | Civil No. 26-1588 (DWF/LIB) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General, United States Department of Justice*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; and Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Edison D.M.J.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents responded by filing a motion to dismiss or transfer arguing that the case was filed in the wrong forum. (Doc. No. 5.) For the reasons set forth below, the Court denies Respondents' motion, grants the Petition, and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Ecuador and resident of Minneapolis, Minnesota. (Doc. No. 1 ¶ 32.) Petitioner has lived in the United States since May 29, 2021. (*Id.* ¶¶ 2, 32.) Petitioner initially entered the United States seeking asylum, and after being initially arrested, Petitioner was placed in removal proceedings and issued an order of release on recognizance. (*Id.* ¶¶ 2, 33; Doc. No. 6-2.) Petitioner has been living peacefully with his

wife and two children in the United States and has complied with all lawful orders with respect to his immigration status. (Doc. No. 1 ¶¶ 2, 33, 35.) Petitioner received a work permit in January 2025. (*Id.* ¶ 34.) Petitioner is active in his community and, other than minor traffic violations, does not have a criminal record. (*Id.* ¶¶ 35-37; Doc. No. 7 at 1 n.1.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on January 11, 2026, while Petitioner was attending his regularly scheduled immigration appointment in Minneapolis. (*Id.* ¶¶ 3, 38.) The ICE agents did not cite a statutory basis for his detention. (*Id.* ¶ 3.) Petitioner was initially detained at the Whipple Federal Building in Minnesota, but on January 13, 2026, he was transferred to ERO El Paso Camp East Montana in Texas. (Doc. No. 6-2.) On January 19, 2026, Petitioner was moved to San Antonio, and on January 20, 2026, to the South Texas ICE Processing Center, where he remained for some time. (*Id.*) Petitioner has since been moved back to Minnesota and remains in ICE custody at Sherburne County Jail. *See Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Feb. 26, 2026. On January 29, 2026, Petitioner was given a custody redetermination hearing in Pearsall Immigration Court in Texas. (Doc. No. 7-1.) Change of custody status was denied, based at least in part on the determination that Petitioner remained an "applicant for admission." (*Id.*)[1]

---

[1] For the reasons discussed below, the Court disagrees with that determination.

Petitioner filed the Petition on February 23, 2026. (Doc. No. 1 at 24.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and constitutes an unlawful, warrantless arrest under the Fourth Amendment. (*Id.* ¶¶ 42-72.) Petitioner also asserts that he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-1873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended by* 2025 WL 3713987 (Dec. 18, 2025).[2] Petitioner requests, among other things, immediate release from detention. (*Id.* at 23.) On February 23, 2026, the Court ordered Respondents to answer the Petition on or before February 26, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order, or if Petitioner was already moved from Minnesota, that he be immediately returned to the state. (Doc. No. 3.) Respondents filed a motion to dismiss or transfer arguing that this case was filed in the wrong district. (Doc. No. 5.)

## DISCUSSION

### I. Motion to Dismiss or Transfer

Respondents challenge the Court's jurisdiction over this case. (Doc. No. 5.) Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Petitioner acknowledges that he was detained in Texas at the time the Petition was filed. (Doc. No. 1 ¶ 4.) Respondents,

---

[2] Because the Court concludes that § 1225(b) does not apply to Petitioner, and therefore Petitioner is entitled to relief regardless of whether he is a member of the class, the Court need not address the effect of *Maldonado Bautista*.

however, have returned Petitioner to Minnesota. Minnesota is, therefore, the district of confinement, so the Court has jurisdiction. Further, Respondents submitted alternative arguments on the basis of Petitioner's detention. There is no reason to delay determination of the Petition. *See Edita M.S.C. v. Noem*, No. 26-cv-650, 2026 WL 252545, at *1 (D. Minn. Jan. 30, 2026) (denying a motion to dismiss for lack of jurisdiction because the petitioner was transferred back to Minnesota and requiring the petitioner to refile her petition would have been a waste of judicial resources).

## II.   Merits of the Petition

Turning to the merits, a district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

As to the merits, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and point the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 6 at 3.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400,

4

2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly five years and has a pending application for asylum.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country").  Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy.  A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention.  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases).  There is no evidence that Respondents had a warrant to arrest Petitioner.  And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 6).  The Court therefore concludes that Petitioner was arrested without a warrant.  The remedy for a warrantless arrest is immediate release.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release." (citation omitted)).

# ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Respondents' motion to dismiss or transfer (Doc. No. [5]) is **DENIED**.

2. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

3. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

4. Respondents are **ORDERED** to release Petitioner from custody immediately.

5. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

6. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

    c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program;

    d. Without any tracking devices or use of a tracking application; and

    e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

7.     Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner. Petitioner's counsel are Lydia Lockwood and Mary M. Nickolai at 612-333-8844.

8.     Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 27, 2026          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge